# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DORIS JEAN MITCHELL,

        Plaintiff,

    v.

SETERUS, INC., et al.,

        Defendants.

Case No. 2:18-cv-01979-GMN-CWH

**ORDER**

Presently before the court is plaintiff Doris Jean Mitchell's application to proceed *in forma pauperis* (ECF No. 1), filed on October 12, 2018.

Under 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in district court. Additionally, based on the Judicial Conference Schedule of Fees, District Court Miscellaneous Fee Schedule, effective September 1, 2018, a $50.00 administrative fee applies for filing a civil action in district court, making the total filing fee $400.00. Under 28 U.S.C. § 1915(a)(1), the court may authorize the commencement of a civil case "without prepayment of fees and costs or security therefor" if a person submits an affidavit including a statement of all assets that demonstrates the person is unable to pay the fees or give security for them.

Here, plaintiff submitted the affidavit required by § 1915(a) to show that she is unable to prepay fees and costs or give security for them. Specifically, plaintiff indicates that her take-home income is $50,000 per year. Plaintiff indicates that she has an additional $25,000 in cash, or savings or checking account. Based on plaintiff's affidavit, plaintiff has debt obligation of $1,000 a month, and $2,500 a month in housing expenses. Additionally, plaintiff is the owner of two vehicles.

Based on plaintiff's affidavit, her yearly income is $50,000, which exceeds her estimated yearly expenses in the amount of $42,000. Plaintiff therefore has not demonstrated that she is

unable to pay the costs of commencing this case under 28 U.S.C. § 1915(a)(1). See *Ross v. San Diego County*, 2008 WL 440413 (S.D. Cal. Feb. 14, 2008) (finding plaintiff did not qualify to proceed *in forma pauperis* where she received $2,100 in disability payments, owned a car and house, and "carried significant debt"); see also *Samuel v. Nat'l Health Svs., Inc.*, 2006 WL 2884795 at *1 (E.D. Cal. Oct. 10, 2006) (denying IFP application where plaintiff received $752.40 per month in Supplemental Security Income and had received a $10,000.00 judgment and owned a van valued at $500.00) (citing *Green v. Cotton Concentration Co.*, 294 F.Supp. 34, 35 (D.C. Tex. 1968) (affidavit of indigency insufficient to establish indigency where both employed plaintiffs earned less than $350)); *Matter of Anderson*, 130 B.R. 497, 500 (W.D. Mich. 1991) (earnings of $950 per month insufficient to show indigency where poverty level in Michigan was $6,620 per year); *In re Fontaine*, 10 B.R. 175, 177 (D. R.I. 1981) (no indigency where weekly net pay of $132, no dependents, and lived with mother to whom she paid $25 per week). The court therefore will deny plaintiff's application to proceed *in forma pauperis*. Having concluded that plaintiff may not proceed *in forma pauperis*, the court will not screen the complaint under 28 U.S.C. § 1915(e)(2)(B).

IT IS THEREFORE ORDERED that plaintiff Andre M. Ingram's application to proceed *in forma pauperis* (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that plaintiff must pay the $350.00 filing fee, plus the $50.00 administrative fee, within 30 days from the date of this order.

IT IS FURTHER ORDERED that Plaintiff's failure to timely comply with this order will result in a recommendation that this case be dismissed.

DATED: October 19, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE